UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:08-cr-79 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLAUDIA CONSTANCE HIRMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS MARK AND CLAUDIA HIRMER'S TRIAL BRIEF
REGARDING PRECLUSION OF EVIDENCE OBTAINED BY
PRE-TRIAL SERVICES**

Come now Defendants Claudia Hirmer and Mark Hirmer (hereinafter "Hirmers"), by their undersigned attorney, who submit the following Trial Brief regarding the preclusion of evidence obtained by Pre-Trial Services Officer Karen Cook.

**EVIDENCE COLLECTED BY PRE-TRIAL SERVICES IS CONFIDENTIAL AND MAY NOT BE USED DURING TRIAL TO PROVE GUILT**

The Fifth Amendment provides that "No person . . . shall be compelled in any criminal case to be a witness against himself." This absolute right to remain silent has nothing to do with providing information during a custodial interrogation; once a person has been indicted, that person cannot be compelled to speak or otherwise produce evidence that will be used against him to prove guilt.

After the indictment was issued in this case, the Hirmers were arrested and detained. A detention hearing was held and the Hirmers were released from detention and ordered to report to, and comply with the requests for information of, pre-trial services. Failure to report and comply required the Hirmers not to remain silent; exercise of the right to remain silent would

result in incarceration for violating the terms and conditions of their release. The Hirmers were thus compelled to provide information to pre-trial services. The prosecution obtained information from pre-trial services, and now intends to offer that information against the Hirmers to obtain a verdict of guilty.

Congress was aware of the Fifth Amendment conflict when they enacted the law creating pre-trial services, and specifically made any such information provided by a defendant, to pre-trial services, confidential:

> We are called upon in this case to construe the confidentiality requirement imposed on PSOs by 18 U.S.C. s 3154(1). The statute was enacted in 1975 as part of the Speedy Trial Act, which, in addition to establishing guidelines for timely prosecution of criminal cases, created the Pretrial Services Agency to aid the federal courts in making bail determinations. The Act established the Agency on a trial basis, its operations to be confined initially to ten demonstration districts across the country. **Because PSOs were to interview defendants before trial, Congress included in the Act a requirement that information obtained by the Agency "shall be used only for the purpose of a bail determination and shall otherwise be confidential.... IN NO CASE SHALL SUCH INFORMATION BE ADMISSIBLE ON THE ISSUE OF GUILT IN ANY JUDICIAL PROCEEDING (.)"**

*United States v. Hammond*, 666 F.2d 435, 438 (9th Cir. 1982) (emphasis added).

> While the defendant does not raise the issue, we are disturbed by the government's use at trial of information obtained during the pretrial services interview. In drafting the pretrial services statutes, Congress recognized that the interviews would take place before trial, and was duly sensitive to the conflicts defendants would face as a result. *United States v. Hammond*, 666 F.2d 435, 438 (9th Cir.1982). It thus included in the statute a requirement that information obtained in the course of a pretrial services interview "shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1) (1982). The information, Congress stated, "is not admissible on the issue of guilt in [the principal] criminal proceeding...." 18 U.S.C. 3153(3) (1982). We need not further pursue whether under the statutes the information properly may be used for impeachment purposes. However, we do have concerns that the congressional intent as expressed in the confidentiality requirement may be transgressed when the government uses information obtained during the pretrial services interview for purposes unrelated to pretrial detention or release. See H.R.Rep. No. 792, 97th Cong., 2d Sess. 8, reprinted in 1982 U.S.Code Cong. & Ad.News, 2393, 2394-95.

*United States v. McLaughlin*, 777 F.2d 388, 392 (8th Cir. 1985); *see United States v. Edwards*, 142 F.R.D. 177, 178 (M.D.Fla., 1992).

Pre-trial services should not have provided information it obtained to the prosecution, and the prosecution is not allowed to introduce that information on the issue of guilt in their case. So too, the prosecution should not be allowed to use any other information it obtained from pretrial services, or information derived from that information, that is, the fruit of the poisonous tree.

WHEREFORE, the Hirmer's move the Court for an order precluding the prosecution from introducing any evidence it obtained from pre-trial services, and for an order requiring the prosecution to disclose any and all information it obtained from pre-trial services.

Dated: March 12, 2010.

    /s/ Jeffrey A. Dickstein
Jeffrey A. Dickstein
Attorney for Defendants Claudia Hirmer
And Mark Hirmer
500 W. Bradley Rd., C-208
Fox Point, WI 53217
(414) 446-4264
jdlaw@wi.rr.com
Cal Bar No. 70638

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record, and e-mailed a copy to Defendants pro se Mark Leitner, Dover Perry and Michael Leonard.

    /s/ Jeffrey A. Dickstein